USDC SNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: January 31, 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------ x
CYNTHIA RODRIGUEZ, on behalf of            :
her minor child J.J.T.,                                       :
                                                                        :
                 Plaintiff,                            :
                                                                        :
         - against -                                      :          10 Civ. 9644 (PAC) (JLC)
                                                                        :
MICHAEL J. ASTRUE,                                   :          ORDER ADOPTING R&R
Commissioner of Social Security,                  :
                                                                        :
                 Defendant.                        :
------------------------------------------------------ x

HONORABLE PAUL A. CROTTY, United States District Judge: 0

         Pro se Plaintiff Cynthia Rodriguez ("Rodriguez") sues, on behalf of her minor child J.J.T., under 42 U.S.C. § 405(g) seeking review of the Commissioner of Social Security's (the "Government") denial of Supplemental Security Income ("SSI") benefits for her son. On May 5, 2011, the Government moved to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), contending that Rodriguez's Complaint is untimely, as Rodriguez commenced her action more than 60 days after receipt of the decision denying benefits. On July 25, 2011, Magistrate Judge James L. Cott issued a Report and Recommendation ("R&R") recommending that the Government's motion be granted.

## BACKGROUND[1]

         On January 25, 2008, Rodriguez applied for SSI benefits for her son, J.J.T. The application was initially denied on April 11, 2008. Rodriguez requested a hearing, which was held on October 22, 2009. On November 4, 2009, an Administrative Law Judge denied Rodriguez's claim and mailed her a copy of the decision (the "Decision"). Rodriguez appealed the Decision, and on September 24, 2010, the Appeals Council sent Rodriguez a letter (the

---

[1] Facts are taken from the R&R unless otherwise noted.

1

"Council Letter") denying her request for review.  The Council Letter informed her that she had 60 days from the receipt of the letter to file a civil action challenging the Decision.  Rodriguez states that she received the Council Letter on September 30, 2010.

Eighty-one days later, on December 20, 2010, Rodriguez filed her Complaint, proceeding pro se and In Forma Pauperis.  (Dkt. No. 2.)   Her Complaint alleged that the Decision was erroneous and that she was entitled to the maximum allowable SSI benefits for her son.  On May 5, 2011, the Government moved to dismiss the Complaint for lack of subject matter jurisdiction and failure to state a claim, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  (Dkt. No. 15.)  Specifically, the Government contended that Rodriguez's Complaint should be dismissed as untimely pursuant to 42 U.S.C. § 405(g) because the action was not commenced within 60 days after receipt of the Decision.

On June 6, 2011, the Court issued an Order directing Rodriguez to serve and file an opposition to the Government's motion to dismiss on or before June 22, 2011. (Dkt. No. 18.)  The Order further noted that if Rodriguez did not file papers by that date, the Court would consider the motion fully submitted.  (Id.)  No opposition papers were filed.

On July 25, 2011, Magistrate Judge Cott issued an R&R recommending that the Court grant the Government's motion to dismiss based on the fact that Rodriguez's Complaint was untimely.  Written objections to the R&R were due within 14 days pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.  No objections were filed and no requests for extensions of time to file objections were received.

**DISCUSSION**

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "The district court may adopt those portions of the report to which no timely objection has been made, so long as there is no clear error on the face of the record." Feehan v. Feehan, No. 09 Civ. 7016 (DAB), 2011 WL 497776 at *1 (S.D.N.Y. Feb. 10, 2011).

The Court finds no clear error on the face of this record and adopts the R&R as its opinion. Under the applicable 60-day statute of limitations, Rodriguez had until November 29, 2010 to file a complaint. See 42 U.S.C. § 405(g). Rodriguez filed the Complaint on December 20, 2010, more than three weeks after the deadline.[2] The Complaint is therefore untimely. See, e.g., Johnson v. Comm'r of Social Sec., 519 F. Supp. 2d 448, 448-49 (S.D.N.Y. 2007) (dismissing complaint filed nine days after statutory limitation period expired).

Furthermore, the doctrine of equitable tolling does not apply. Equitable tolling "permits courts to deem filings timely where a litigant can show that '[s]he has been pursuing [her] rights diligently' and that 'some extraordinary circumstance stood in [her] way." Torres v. Barnhart, 417 F.3d 276, 279 (2d Cir. 2005) (quoting Pace v. DiGuglielmo, 544 U.S. 408 (2005)). There is nothing in the record before the Court to demonstrate that Rodriguez has been diligently pursuing her rights or that any "extraordinary circumstances" caused Rodriguez to file her Complaint after the 60-day period expired. See Barnhart, 417 F.3d at 279.

---

[2] While the Complaint is dated December 15, 2010, it was not filed under December 20, 2010. Either filing date is beyond the November 29, 2010 deadline, and thus the action is untimely no matter which date is used.

## CONCLUSION

For the foregoing reasons, the Court adopts Magistrate Judge Cott's Report and Recommendation. The Government's motion to dismiss the Complaint for lack of subject matter jurisdiction and failure to state a claim is, therefore, GRANTED. The Clerk of Court is directed to close this case.

Dated: New York, New York
January 31, 2012

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge

Copy Mailed By Chambers To:

Cynthia Rodriguez
870 Southern Blvd., Apt. #7B
Bronx, NY 10459

Susan D. Baird, Esq.
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, NY 10007